UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *   *
John R. Crooker                                          *
Mason, NH  03048                                         *
                                                         *
          Plaintiff                                      *
                                                         *
v.                                                       *   Case No.
                                                         *
Anheuser-Busch, Inc.                                     *
St. Louis, MO  63118                                     *
                                                         *
          Defendant                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * *   *
```

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446, Defendant Anheuser-Busch, Inc., ("Defendant") hereby removes the civil action captioned <u>John R. Crooker v. Anheuser-Busch, Inc</u>. (the "Action") from the Hillsborough County Superior Court, Southern District, to the United States District Court for the District of New Hampshire. Removal is based upon the following:

1.     Defendant was served with the Writ of Summons ("Writ") in this Action on December 7, 2004. A copy of the Writ is attached hereto as <u>Exhibit 1</u> and constitutes all pleadings and orders served upon or by Defendant in the Action. Certified copies of the docket sheet and all pleadings and orders filed with the Hillsborough County Superior Court, Southern District, in the Action will be provided to this Court pursuant to Local Rule 81.1.

2. Defendant is filing this notice within thirty (30) days of service of the Writ, as required by 28 U.S.C. § 1446. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446.

3. This Court is within the jurisdictional district that embraces the county of the Superior Court where this Action is currently pending.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1391(b).

5. This Court possesses original jurisdiction over this Action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. An action filed in state court that presents a question arising under federal law may be removed to federal district court regardless of the citizenship or residence of the parties. 28 U.S.C. § 1441(b).

6. The Writ contains one cause of action which, though framed as a breach of contract, is in reality a claim to recover health benefits under defendant's Group Insurance Plan for Certain Employees of Anheuser-Busch Companies, Inc. (the "Plan").[1] Writ ¶¶ 9 & 12. The Plan is an employee benefit plan as defined by Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. § 1002(3).

7. Removal here is appropriate because the plaintiff's claims against the Defendant are based on conduct that is wholly governed by ERISA. As a result, these claims fall under the so-called "complete pre-emption" doctrine.[2] Section 502(a)(1)(B) of

---

[1] Effective January 1, 2005, Anheuser-Busch, Inc. retirees eligible for retiree health benefits are covered under a separate plan called Group Insurance Plan for Certain Retirees of Anheuser-Busch Companies, Inc. and its Subsidiaries.

[2] Characterizing claims for benefits as state-law breach of contract claims does not exempt them from application of this doctrine. See Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44 (1st Cir. 2000) (holding that plaintiff's state-law claim that his contract with former employer entitled him to benefits under an ERISA plan was pre-empted).

ERISA provides that a civil action may be brought under ERISA by a participant "to recover benefits due to him under the terms of the plan…." 29 U.S.C. § 1132 (a)(1)(B).

8.  Complete pre-emption is an exception to the well pleaded complaint rule and is applicable when a federal law so wholly displaces a state law cause of action that a claim can be removed even if only state law claims are pleaded. Beneficial National Bank v. Anderson, 539 U.S. 1, 9-10 (2003). ERISA is such a federal law and,

> if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA 502(a)(1)(B).

Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2496 (2004).

9.  Removal here is also appropriate because paragraphs 4, 9, 11 and 12 of the Writ reference unspecified "retirement benefits" to which the Plaintiff claims entitlement pursuant to the terms of an "employment agreement." The employment agreement, which identifies any retirement benefits to which the Plaintiff may have been entitled, is a labor contract between Anheuser-Busch, Inc., The Brewery and Soft Drink Workers Conference, U.S.A. and Canada, and Local Union 633, the enforcement of which is wholly subject to the Labor Management Relations Act, 29 U.S.C. § 141, *et seq*. A state law claim that requires interpretation of a labor contract for adjudication is pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Fant v. New Eng. Power Serv. Co., 239 F.3d 8, 145 (1st Cir. 2001); Martin v. Shaw's Supermarkets, Inc. 105 F.3d 40, 44 (1st Cir. 1997). As with ERISA, the Labor Management Relations Act completely pre-empts state-law causes of action. Avco Corp. v. Aero Lodge No. 735, Int'l Assoc. of Machinists, 390 U.S. 557, 560 (1968).

10. This Court also possesses original jurisdiction over this civil Action pursuant to 28 U.S.C., § 1332(a). Plaintiff is alleged to be an individual residing in Mason, New Hampshire. Defendant Anheuser-Busch, Inc. is a Missouri corporation with a principal place of business at One Busch Place, St. Louis, Missouri. Plaintiff and Defendant are, therefore, citizens of different states.

11. The controversy involves a claim by the plaintiff for "medical insurance . . . during his retirement." Writ, ¶ 7. Plaintiff is now 59 years of age. The cost to defendant of providing such benefits is in excess of $13,000 per year up until age 65, and in excess of $6,500 per year after age 65. Therefore, the amount in controversy between the parties exceeds the sum or value of $75,000, exclusive of interest and costs.

12. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of this removal action, a copy of which is attached hereto as Exhibit 2, and a copy of this Notice of Removal with the Clerk, Hillsborough County Superior Court, Southern District.

13. Pursuant to 28 U.S.C. § 1446(d), Defendant will serve written notice to Plaintiff of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit 3, along with a copy of this Notice of Removal.

WHEREFORE, Defendant prays that the above Action now pending against them in the Hillsborough County Superior Court, Southern District, be removed therefrom to this Court.

Respectfully submitted,

ANHEUSER-BUSCH, INC.

By Its Attorneys
GALLAGHER, CALLAHAN & GARTRELL
Professional Association

Dated: January 6, 2005        /s/ David A. Garfunkel
                                               David A. Garfunkel
                                               Bar No.: 900
                                               Gallagher, Callahan & Gartrell, P.A.
                                               P.O. Box 1415
                                               Concord, NH 03302-1415
                                               Phone: (603) 228-1181
                                               E-mail: garfunkel@gcglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date forwarded via U.S. Mail, postage prepaid, a copy of the foregoing Notice of Removal to Paul B. Kleinman, Esquire, of Bouchard & Kleinman, P.A., One Merrill Drive, Suite 6, Hampton, NH 03842.

Dated: January 6, 2005        /s/ David A. Garfunkel
                                               David A. Garfunkel