UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

C.05-08-JD

JOHN R. CROOKER

v.

Anheuser-Busch, Inc.

**AMENDED COMPLAINT**

**Parties**

1.  The Plaintiff, John R. Crooker, is an individual residing at 574 Brookline Road, Town of Mason, County of Hillsborough, State of New Hampshire, 03048-3908.

2.  The Defendant, Anheuser-Busch, Inc., is on information and belief a corporation formed and existing under the laws of Missouri, at all relevant times to the herein action doing business at Daniel Webster Highway, Town of Merrimack, County of Hillsborough, State of New Hampshire, with a registered agent of C T Corporation System, 9 Capitol Street, Concord, New Hampshire 03301.

**Jurisdiction and Venue**

3.  The Plaintiff incorporates by way of reference the averments contained within all previous paragraphs of this Writ as though the same were set forth herein.

4.  Jurisdiction and venue are proper in the Hillsborough County Superior Court, Southern District, as the acts and omissions complained of arise in connection with the Defendant's obligations under its employment agreement and severance agreement with the Plaintiff related to the Plaintiff's employment and resignation from employment at the Defendant's Merrimack, New Hampshire facility, and the Defendant has caused the Plaintiff to suffer damages within the jurisdictional limits of this Court. The severance agreement specifies that causes of action for breach of its terms will be brought in New Hampshire and decided under New Hampshire law.

**General Allegations**

5.  The Plaintiff incorporates by way of reference the averments contained within all previous paragraphs of this Writ as though the same were set forth herein.

6. On September 18, 2002, the Plaintiff and the Defendant executed a Severance Agreement.

7. The terms relevant to the herein matter read as follows:

"2. ...Employee [the Plaintiff] is entitled to health insurance benefits as provided by employer to employees generally."

and

"3. Employee shall receive...(e) Mr. Crooker's medical insurance...to the extent he is otherwise entitled to same during his retirement."

8. Until September 18, 2002, the date upon which the Plaintiff signed the Severance Agreement thereby resigning from employment with the Defendant, the Plaintiff was employed with the Defendant.

9. In or around July of 2003, the Defendant breached its obligations under paragraph 2 and 3 of the Severance Agreement recited above when it refused to provide health insurance benefits and retirement benefits to the Plaintiff when the Plaintiff was entitled to receive these benefits.

### Count I-Breach of Contract

10. The Plaintiff incorporates by way of reference the averments contained within all previous paragraphs of this Writ as though the same were set forth herein.

11. The Defendant has been at all relevant times to the herein matter contractually bound by the terms of the September 18, 2002 Severance Agreement and its Employment Agreement with the Plaintiff.

12. Under these agreements, the Defendant is obligated to provide the Plaintiff with health and retirement benefits.

13. The Defendant's refusal to provide these benefits to the Plaintiff constitutes a breach of its contractual obligations.

14. As a direct and proximate cause of the Defendant's breach, the Plaintiff has suffered damages within the jurisdictional limits of this Court.

### Count II-Violation of Public Policy

15. The Plaintiff incorporates by way of reference the averments contained within all previous

paragraphs of this Writ as though the same were set forth herein.

16. Any requirement that the Plaintiff return to work for a period of time following his Worker's Compensation injury violates public policy and is therefore void.

17. Public policy strongly supports a worker's ability to enter a lump sum settlement agreement in resolution of a claim without being forced to forfeit his entitlement to benefits otherwise available to him.

18. The Defendant made the Plaintiff's Worker's Compensation lump sum settlement contingent upon the Plaintiff also executing the relevant severance agreement. Thus, to the extent the execution of the severance agreement would operate as a forfeiture of benefits to which he would otherwise be entitled, it is void as contravening public policy.

19. Any requirement that the Plaintiff return to work following a Worker's Compensation injury is equally void against public policy to the extent it would prevent any claimant so severely injured as to prevent his from returning to work from receiving benefits he would otherwise be entitled to.

20. The Plaintiff has been directly and proximately injured by the Defendant's invoking of provisions that are void as against public policy.

## Count III-Equitable Relief

21. The Plaintiff incorporates by way of reference the averments contained within all previous paragraphs of this Writ as though the same were set forth herein.

22. Should the provisions invoked by the Defendant be construed in a manner consistent with its position and not determined to be void as against public policy, the Plaintiff should be allowed to return to work for the 30 days so that he may become entitled to the benefits to which he would otherwise be entitled.

Respectfully submitted,
John R. Crooker

By:     BOUCHARD, KLEINMAN & WRIGHT, P.A.


By:     _____/s/_____
        Shenanne R. Tucker [#15381]
        One Merrill Drive, Suite 6
        Hampton, NH 03842-1968
        603-926-9333


DATE:   June 1, 2005


I hereby certify that a copy of the foregoing was forwarded this date to all counsel or parties of record.


        _____/s/_____
        Shenanne R. Tucker [#15381]