UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


<u>John R. Crooker</u>

     v.                                  Civil No. 05-cv-008-JD

<u>Anheuser Busch, Inc.</u>


                              <u>O R D E R</u>

     The plaintiff, John R. Crooker, brought a breach of contract action in state court against his former employer, Anheuser Busch, Inc., ("AB") alleging that AB failed to honor its obligations under his Employment Agreement and his Severance Agreement.  AB removed the case to this court on January 6, 2005, asserting federal question jurisdiction based on preemption of the claims by the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"), along with diversity jurisdiction.  The parties filed their proposed discovery plan on February 18, 2005, which stated that the plaintiff's theory of liability was a breach of the defendant's obligations under the agreements but raised a jurisdictional question as to whether that claim was preempted.

     AB has filed a motion for the case to be governed by Local Rule 9.4 procedures, but Crooker objects.  Rule 9.4, effective June 1, 2005, governs "all actions that include one or more claims under § 502(a)(1)(B)."  Section 502(a)(1)(B) of ERSIA,

which is codified at 29 U.S.C. § 1132(a)(1)(B), provides:  "A civil action may be brought -- (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Pursuant to Local Rule 1.1(c), Rule 9.4 would apply in cases, such as this case, that were pending when it became effective.

Crooker does not allege a claim under § 502(a)(1)(B) of ERISA.  AB argues in only cursory fashion that ERISA preempts Crooker's claims.[1]  Cf. Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2496 (U.S. 2004) (describing detailed § 502(a)(1)(B) preemption analysis); O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 266-67 (1st Cir. 2001) (applying ERISA preemption analysis).  Although AB's analysis is insufficient for the court to determine whether any of Crooker's claims are preempted by ERISA, Crooker does not dispute that his first claim, breach of contract, involves an ERISA-based eligibility issue.  Crooker argues, however, that the claim is not preempted because it involves a mixed eligibility and state law policy claim.

Crooker invokes Pegram v. Herdich, 530 U.S. 211 (2000),

---

[1] AB also suggests that the LMRA preempts Crooker's claims but provides no developed argument on that issue.

where the Court held that if the plaintiff's treating physician were administering both the plaintiff's benefits and his medical treatment and the eligibility decisions were "inextricably mixed" with the treatment decisions, the physician was not acting as a fiduciary within the meaning of ERISA.  Id. at 231; accord Aetna, 124 S. Ct. at 2501.  Crooker fails to appreciate the limited exception that Pegram found to ERISA preemption.  See id. Nothing in Crooker's complaint suggests a mixture of medical and administrative judgments that formed the basis of the Pegram decision.

     Because Crooker does not dispute that his breach of contract claim is preempted by ERISA, absent the exception provided by Pegram, that claim must be brought, if at all, under ERISA. Therefore, Rule 9.4 would apply in this case unless the court orders otherwise.  The procedure provided by Rule 9.4 is more appropriate for an ERISA case than the ordinary trial process. Because the case has proceeded so far under the standard trial track, counsel shall confer to establish an appropriate schedule to implement Rule 9.4.  Further, Crooker shall file an amended complaint to state his claim or claims under ERISA.

Conclusion

For the foregoing reasons, the defendant's motion for the case to be governed by Local Rule 9.4 (document no. 14) is granted to the extent provided in this order.  The plaintiff shall file his amended complaint **on or before September 30, 2005.** Counsel shall file a joint proposed schedule to proceed under Local Rule 9.4 **on or before October 3, 2005.**

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

September 20, 2005

cc:   David A. Garfunkel, Esquire
      Andrea K. Johnstone, Esquire
      Paul B. Kleinman, Esquire
      Shenanne Ruth Tucker, Esquie