UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


John R. Crooker

        v.                           Civil No. 05-cv-008-JD

Anheuser-Busch, Inc.


                        O R D E R


        Following removal of this case from state court on an
allegation of ERISA preemption, Anheuser-Busch, Inc., ("AB")
moved to have the case proceed under Local Rule 9.4, which
governs "all actions that include one or more claims under §
502(a)(1)(B) [ERISA]."  Crooker objected to AB's motion, arguing
that although his first claim involved an ERISA-based eligibility
issue, it fell within an exception under Pegram v. Herdich, 530
U.S. 211 (2000), and that the other two claims, Counts II and
III, were not ERISA claims.  AB's ERISA preemption analysis was
insufficient to allow the court to determine whether any of
Crooker's claims were preempted, but because Crooker did not
dispute that Count I implicated ERISA and because the asserted
exception did not apply, Count I was held to be preempted.  As
Local Rule 9.4 applies to a case that includes "one or more
claims" under ERISA, the court held that the rule applies in this
case and directed Crooker to file an amended complaint "to state
his claim or claims under ERISA."

Crooker moves for clarification stating that he is not certain as to the status of Counts II and III with respect to ERISA.  He urges the court to rule that those claims are not preempted and to permit those claims to proceed outside of the Rule 9.4 process.  Crooker filed an amended complaint in which Count I is titled "Entitlement to Benefits under ERISA," Count II is titled "Violation of Public Policy," and Count III is titled "Equitable Relief."  AB also moves for clarification to have the court declare that all of Crooker's claims are preempted by ERISA.

As the court stated in the previous order, due to the insufficiency of AB's preemption analysis, only Count I was found to be preempted by ERISA.  Preemption was based on Crooker's acknowledgment that the claim implicated ERISA, absent an applicable exception.  The court made no ruling as to whether Counts II and III are preempted.  AB cannot accomplish in a motion for clarification what it did not sufficiently address in its original motion.

Crooker notes that Local Rule 9.4 appears to apply to an entire case when at least one claim is brought under ERISA.  He argues, however, that the rule's administrative process is not appropriate for Counts II and III that do not pertain to benefits determinations and require development through discovery and

other traditional litigation procedures.  AB simply asserts that all of Crooker's claims are preempted.

The issue of preemption must be resolved before the procedural problems are addressed.  Therefore, AB shall file a properly supported motion to dismiss Counts II and III as preempted by ERISA **on or before October 14, 2005**.  Crooker shall file his response to that motion either by filing an objection within the time allowed under the local rules of this district or by filing a second amended complaint in which Counts II and III are pleaded under ERISA within **fifteen days** of the date AB's motion is **filed**.

<u>Conclusion</u>

For the foregoing reasons, the parties' motions for clarification (documents no. 20 and 22) are granted in part and denied in part as is more fully explained in this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 4, 2005

cc:  David A. Garfunkel, Esquire
     Andrea K. Johnstone, Esquire
     Paul B. Kleinman, Esquire
     Shenanne Ruth Tucker, Esquire