UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>John R. Crooker</u>

    v.                             Civil No. 05-cv-008-JD

<u>Anheuser-Busch, Inc.</u>

<u>O R D E R</u>

      John R. Crooker filed an amended complaint alleging two claims under the Employee Retirement Income Security Act ("ERISA").  With its answer, Anheuser-Busch, Inc. ("AB"), filed a copy of "The Administrative Record," consisting of the company's Early Retiree Eligibility and Administrative Booklet and a letter from Craig R. Friesz, Manager, Human Resources, to R. Bruce Gagnon, Teamsters Local No. 633, denying health care benefits for Crooker.  Crooker moves to modify the administrative record filed by AB, to include other materials that he asserts are necessary to resolve his claims.  AB objects to the motion.

      Crooker argues that the administrative record filed by AB is insufficient to address his claims, particularly his second claim that AB interfered with his right to receive health benefits under the retirement plan by requiring him to sign the severance agreement as a condition for receiving his workers' compensation settlement.  He asks the court to order AB to produce documentation about workers' compensation claims submitted for

the Merrimack, New Hampshire, AB facility and AB as a whole, copies of any changes to the "Summary Plan Description" since it was adopted, and all memoranda related to a variety of issues pertaining to the "Summary Plan Description." Crooker contends that the record should be expanded to include a copy of the Collective Bargaining Agreement, the severance agreement, the workers' compensation settlement, correspondence pertaining to the severance agreement, and any other documentation that AB may produce in response to the court order Crooker requests. AB objects to the motion on the ground that Local Rule 9.4 precludes discovery and that the other documents are not part of the administrative record as defined by the rule. Neither Crooker nor AB cites a single case in support of or in opposition to the motion.

Local Rule 9.4 provides that "[u]nless otherwise ordered by the court, the following procedures shall govern all actions that include one or more claims under § 502(a)(1)(B). . . ." The rule requires the defendant to file a copy of the administrative record with its answer. Another provision of the rule is that discovery shall not be permitted. As the rule provides, however, its provisions are subject to revision or limitation by an order of the court.

Ordinarily, review of a plan administrator's decision under

the deferential standard is limited to the evidentiary record presented to the administrator.  Lopes v. Met. Life Ins. Co., 332 F.3d 1, 5 (1st Cir. 2003).  If the "'plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan' . . . a decision by that administrator or fiduciary concerning eligibility under a benefit plan is subject to a deferential arbitrary and capricious standard of judicial review."  Madera v. Marsh USA, Inc., 426 F.3d 56, 63 (1st Cir. 2005) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)).  On the other hand, if the plan administrator is not given such discretionary authority, the de novo standard of review applies.  Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 516 (1st Cir. 2005).  Under de novo review, the standard is "whether upon a full review of the administrative record, the decision of the administrator was correct."  Id. at 517 (internal quotation marks omitted).

Additional evidence or documents may be admissible in an ERISA case, however, depending on the nature of the challenge. Id. at 519.  When de novo review is focused on the administrator's decision, it will ordinarily be based on the administrative record.  Id. at 520.  The court may hear new evidence, however, "[w]here the challenge is not to the merits of the decision to deny benefits, but to the procedure used to reach

the decision" such as "a claim of personal bias by a plan administrator or of prejudicial procedural irregularity in the ERISA administrative review procedure."  Id.  Discovery may also be allowed in an ERISA case if a sufficiently specific showing is made as to the pertinence of the request in order to "'overcome the strong presumption that the record on review is limited to the record before the administrator.'"  Id. (quoting Liston v. Unum Corp. Off. Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003)).

Crooker did not address the appropriate standard of review or in any other way make a sufficient showing that expansion of the administrative record and discovery should be allowed in this case.  Therefore, his motion must be denied.  He is afforded an opportunity to present a properly supported motion, if such would be appropriate in the circumstances of this case, **on or before January 4, 2006.**  The parties shall file a joint statement of material facts within thirty days after the court rules on that motion, if one is filed, or thirty days from January 4, 2006, if no motion is filed.

Conclusion

For the foregoing reasons, the plaintiff's motion to modify the record (document no. 35) is denied without prejudice to file a new motion within the time allowed in this order.

SO ORDERED.

                                                  /s/ Joseph A. DiClerico, Jr.
                                                  Joseph A. DiClerico, Jr.
                                                  United States District Judge

December 22, 2005

cc:   David A. Garfunkel, Esquire
      Andrea K. Johnstone, Esquire
      Paul B. Kleinman, Esquire
      Shenanne Ruth Tucker, Esquire